IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**Jack Wayne Newsom,**<br><br>       **Debtor.** | **Hon. Carol A. Doyle**<br><br>**Case No. 11-45885**<br><br>**Chapter 7**<br><br>**Hearing Date:  July 27, 2016**<br>**Hearing Time: 10:00 a.m.** |

## NOTICE OF FINAL FEE APPLICATION

To:    See Attached Service List

On June 23, 2016, Richard J. Mason, not individually, but solely as the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of the above-captioned Debtor ("Debtor") filed the **Final Fee Application (the "Application") of RSM US LLP (f/k/a McGladrey LLP) for Allowance And Payment of Compensation And Reimbursement of Expenses As Accountants to the Trustee.**  The Trustee seeks authority to pay RSM US LLP $7,800.00 in compensation.  A copy of the Application and supporting documentation is attached hereto.

A hearing (the "Hearing") will be held on the Application on **July 27, 2016**, at the hour of **10:00 a.m.** before the Honorable Carol A. Doyle, United States Bankruptcy Judge (or any judge who may be sitting in her stead) in Courtroom 742 of the Bankruptcy Court located at 219 South Dearborn Street, Chicago, Illinois.

Your rights may be affected.  You should read these papers carefully and discuss them with your attorney.  If you do not have an attorney, you may wish to consult one.

If you do not want the Court to grant the Application, then on or before the hearing on **July 27, 2016**, you or your attorney must file a written Objection to the Application, which

should explain the reasons why you object, with the Clerk of the Bankruptcy Court at 219 South Dearborn Street, Chicago, Illinois, and/or appear at the Hearing on **July 27, 2016,** at **10:00 a.m.**

If you do not object, the Court may grant the relief requested.

| | |
|---|---|
| Dated: June 23 , 2016 | Richard J. Mason, Trustee of the Chapter 7 Bankruptcy Estate of Jack Wayne Newsom |
| | By: /s/ John F. Pollick |
| |       John F. Pollick |

John F. Pollick (ARDC #3128122)
John F. Pollick, P.C.
2336 Fir Street
Glenview, Illinois  60025
(847) 602-9243
Counsel for Richard J. Mason, Trustee

## **CERTIFICATE OF SERVICE**

I, John F. Pollick, an attorney, hereby certify that I caused the foregoing Notice of Final Fee Application, together with a true copy of the Trustee's **FINAL APPLICATION OF RSM US LLP (F/K/A MCGLADREY LLP) FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS ACCOUNTANTS TO THE TRUSTEE,** to be served on those parties described below, in the manner indicated, this 23rd day of June, 2016.

/s/ John F. Pollick

John F. Pollick (ARDC #3128122)
John F. Pollick, P.C.
2336 Fir Street
Glenview, Illinois  60025
(847) 602-9243

# SERVICE LIST

## BY ECF

United States Trustee
Patrick S. Layng
USTPRegion11.ES.ECF@usdoj.gov

Counsel for Theri Griego Raby
Robert Labate
robert.labate@hklaw.com

Counsel for State Farm Bank
Ryan O. Lawlor
ryan.lawlor@bryancave.com

Debtor's Counsel
Daniel A. Zazove
dzazove@perkinscoie.com

Counsel for Howard Gamer et al.
B. Lane Hasler
lanehasler@blhpc.com

## BY U.S. MAIL, POSTAGE PREPAID

McGladrey LLP
1 S. Wacker Drive
Suite 800
Chicago, IL 60606-4650

Alberto A Leon, Esq.
PO Box 30684
Albuquerque, NM 87190-0684

Alberto A. Leon
Bauman, Dow & Leon PC
7309 Indian School Rd NE
Albuquerque, NM 87110-4554

Chase
Attn: Legal Dept.
Westerville, OH 43081

Gemb/Gapdc
Po Box 981400
El Paso, TX 79998-1400

James Griffin
Schain, Burney Banks & Kenny
70 W. Madison, Suite 4500
Chicago, IL 60602-4227

New York Community Bank
1801 E 9th St., Ste 200
Cleveland, OH 44114-3103

Pnc Bank
1 Cascade Plz
Akron, OH 44308-1198

Richard Megherby
38 Nursery Road
New Canaan, CT 06840-6914

Thomas W. Banner
530-B Harkle Road
Santa Fe, NM 87505-4739

Toyota Motor Credit
1111 W 22nd St. Ste 420
Oak Brook, IL 60523-1959

VERIZON WIRELESS
PO BOX 3397
BLOOMINGTON, IL 61702-3397

Nadine Ferrara  
1919 S. Prairie Avenue  
Chicago, IL 60616-1991

Washington Mutual Bk F  
3990 S Babcock St  
Melbourne, FL 32901-8902

WELLS FARGO BANK NA  
WELLS FARGO HOME MORTGAGE AMERICAS SERVICING  
ATTN BANKRUPTCY DEPT MAC X7801-014  
3476 STATEVIEW BLVD  
FORT MILL SC 29715-7203

Jack Wayne Newsom  
P.O. Box 11033  
Chicago, IL 60611-0033

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **In re:** | Hon. Carol A. Doyle |
| **Jack Wayne Newsom,** | Case No. 11-45885 |
| Debtor. | Chapter 7 |
| | Hearing Date: July 27, 2016<br>Hearing Time: 10:00 a.m. |

## COVER SHEET FOR THE FINAL APPLICATION FOR
## PROFESSIONAL COMPENSATION FOR RSM US LLP (F/K/A MCGLADREY LLP)

| | |
|---|---|
| Name of Applicant: | RSM US LLP (f/k/a McGladrey LLP) |
| Authorized to Provide Professional Services to: | Richard J. Mason, Ch.7 Trustee |
| Date of Retention Order: | April 11, 2013 |
| Period for which Compensation is Sought: | From October 16, 2013 through December 29, 2015 |
| Amount of Fees Sought: | $7,800.00 |
| Amount of Expense Reimbursement Sought: | $0.00 |

This is an:    Interim Application: __    Final Application  X

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:    **N/A**

| Date Filed | Period Covered | Total Fees and Expenses Requested | Total Fees and Expenses Allowed |
|---|---|---|---|
| **November 27, 2013** | 4/11/13 - 10/15/13 | $9,500.00 | $9,500.00 |

State the aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is: **$0.00**

If you do not object, the Court may grant the relief requested.

Dated: June 23, 2016                    Richard J. Mason, Trustee of the Chapter 7 Bankruptcy Estate of Jack Wayne Newsom

By: /s/ John F. Pollick
     John F. Pollick

John F. Pollick (ARDC #3128122)
John F. Pollick, P.C.
2336 Fir Street
Glenview, Illinois  60025
(847) 602-9243
Counsel for Richard J. Mason, Trustee

Dated: June 23, 2016　　　　　　　　　　Richard J. Mason, Trustee of the Chapter 7 Bankruptcy Estate of Jack Wayne Newsom

　　　　　　　　　　　　　　　　　　　　By: /s/ John F. Pollick
　　　　　　　　　　　　　　　　　　　　　　　John F. Pollick

John F. Pollick (ARDC #3128122)
John F. Pollick, P.C.
2336 Fir Street
Glenview, Illinois  60025
(847) 602-9243
Counsel for Richard J. Mason, Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **In re:** <br><br> **Jack Wayne Newsom,** <br><br>               **Debtor.** | **Hon. Carol A. Doyle** <br><br> **Case No. 11-45885** <br><br> **Chapter 7** <br><br> **Hearing Date: July 27, 2016** <br> **Hearing Time: 10:00 a.m.** |

**FINAL APPLICATION OF RSM US LLP (F/K/A MCGLADREY LLP) FOR
ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES AS ACCOUNTANTS TO THE TRUSTEE FOR THE PERIOD
<u>OCTOBER 16, 2013 THROUGH DECEMBER 29, 2015</u>**

Richard J. Mason, not individually, but solely as the Chapter 7 trustee ("Trustee") of the bankruptcy estate (the "Estate") for the above-captioned debtor ("Debtor"), submits this Final Application (the "Application") of RSM US LLP ("RSM"), f/k/a McGladrey LLP, for Allowance and Payment of Compensation and Reimbursement of Expenses as Accountants for the Trustee for the Period from October 16, 2013 through December 29, 2015 (the "Compensation Period") and requests the entry of an order allowing and authorizing immediate payment of compensation (the "Compensation") in the amount of $7,800.00 and reimbursement of expenses (the "Expense Reimbursement") in the amount of $0.00 for services provided and expenses incurred by RSM as accountants to the Trustee, and, in support thereof, respectfully states as follows:

**<u>Jurisdiction and Venue</u>**

1.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334. Pursuant to 28 U.S.C. §157(b)(2)(A) and (O), this Motion is a core proceeding.

2.    Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

**Background**

3.  On November 13, 2011 (the "Petition Date"), the Debtor filed herein a voluntary petition under Chapter 7 of the United States Bankruptcy Code (the "Code").

4.  On or about November 14, 2011, the Trustee was appointed trustee herein.

5.  On or about April 11, 2013, the Trustee was authorized to retain Martin Devine and RSM as tax accountant for the Estate. [Docket No. 164].

6.  The Trustee is currently holding unencumbered, general Estate funds totaling $187,913.57 ("Estate Funds"). If authorized, payment of the fees requested herein would be made from Estate Funds.

**Relief Requested**

7.  Through this Application, the Trustee seeks the entry of an order, pursuant to sections 330 and 331 of the Code, approving and authorizing immediate payment to RSM from Estate Funds of Compensation in the amount of $7,800.00 incurred in representing the Trustee during the Compensation Period. Invoices relating to services provided by RSM to the Trustee during this period, including all fees charged, is attached hereto as Exhibit A.

8.  This is RSM's Final Application for Compensation and Expense Reimbursement.

**Background**

9.  As of the Petition Date, the Debtor owned a fee simple interest with his wife in two residential properties, both located in Chicago. In addition, the Debtor owned interests, ranging from .498% to 100%, in 21 entities, consisting of 20 limited liability companies and a limited partnership. Those entities, in turn, owned, directly or indirectly, 17 commercial properties, primarily medical office buildings, located in several different states. Three of the

21 entities managed commercial properties but did not own them. See Debtor's Amended Schedules A and B [Docket No. 41].

10. The wide-ranging and complex nature of the Debtor's real estate interests have presented challenges for the Trustee. These challenges included collecting proceeds and distributions arising from these interests, valuing and deciding to either liquidate or abandon them, and dealing with tax issues arising from the income, gains and/or losses they generate. They also included, after the filing of returns, the analysis of and application for tax refunds.

11. To assist with tax issues relating to these interests, the Trustee retained RSM. The retention order (the "Retention Order") stated that the Trustee was authorized to pay RSM, without further notice or hearing, $2,500 per tax year for 2011 and 2012 tax returns and $500 per any necessary state return. [Docket No. 164].

## Summary of RSM's Activities

12. RSM prepared the Estate's 2012 Federal and Illinois returns but did not prepare 2011 returns. In the course of preparing 2012 returns, it encountered several complex factual and tax issues not fully anticipated at the time of the retention order. These issues included gathering financial information and K-1s regarding 21 entities from numerous sources, including the Debtor's current accountant, and addressing basis, recapture and gain issues regarding, among other things, interests in four properties that were sold in 2012, in addition to the Early Property, and a property that was foreclosed on. They also included consideration of tax effects of abandoning some of the Estate's interests. RSM's assistance in this regard led the Trustee to abandon interests in four real estate entities, resulting in an immediate savings to the Estate of over $4,400. As a result of these unanticipated issues, RSM's services and their value substantially exceeded those contemplated by the Retention Order. Consequently, the Trustee

filed a fee petition, the First Interim Application for Compensation of RSM (the "First Application"), requesting compensation of $9,500.00 to RSM for such services, which this Court granted. [Docket #186].

13. Since the First Application and during the Compensation Period, as set forth on Exhibit A attached hereto, RSM has, among other things: (a) prepared the Estate's 2013 returns; (b) prepared the Estate's 2014 returns; and (c) prepared amended 2012 returns for the Estate, requesting a refund of taxes paid by the Estate for that year, based on subsequent events and losses. The amended 2012 returns which RSM prepared and filed resulted in tax refunds to the Estate totaling $33,670.28.

14. Under the Retention Order, the Trustee is authorized, without further notice or hearing, to pay RSM $3,000 for the preparation of the Estate's 2012 returns. If that rate of compensation were extended to the preparation of the Estate's returns for 2013 and 2014 and its amended 2012 returns, total compensation to RSM for such services would be $9,000.00. In light of this, and in light of the $33,670 in tax refunds which RSM's services secured for the Estate, the Trustee believes that compensation of $7,800.00 to RSM for its services during the Compensation Period is reasonable and appropriate. The Trustee, therefore, seeks the allowance of $7,800.00 in fees for RSM pursuant to this Final Application and authorization to immediately pay such amount from Estate Funds.

**Nature of Services Performed by RSM**

15. All services performed by RSM for which compensation is being sought were performed for and on behalf of the Trustee.

16.     This Application has been prepared with the intention of complying with the applicable standards set forth in the Code, the Federal Rules of Bankruptcy Procedure, and Local Rule of Bankruptcy Procedure 5082-1.

17.     None of the payments received by RSM will be shared with any other party, nor are these payments subject to a sharing arrangement between RSM and any third party.

18.     In accordance with section 330 of the Code, the Trustee believes that the amount of fees and expenses are fair and reasonable given: (a) the nature of this case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under the Code.

19.     During the Compensation Period, RSM performed significant accounting services to the Trustee, as set forth in Exhibit A attached hereto.

20.     All of the services summarized above and set forth in Exhibit A were reasonably necessary in order that the interest of the Estate and its creditors be adequately represented, protected and defended and to maximize the recovery to the Estate and its creditors.

## Expenses

22.     RSM has incurred no expenses during its representation of the Trustee for which it seeks reimbursement

## Notice

`     23.     Sections 330 and 331 of the Code require notice and a hearing before any action on this Application.  In compliance with these sections and Federal Rule of Bankruptcy Procedure 2002, the Trustee has mailed or, through the Court's ECF System, emailed a copy of this Application and Notice of the hearing on all parties on the service list in this bankruptcy case.

WHEREFORE, the Trustee prays this Court enter an order allowing RSM's compensation of $7,800.00 as payment for accounting services to the Trustee during the Compensation Period; authorizing immediate payment of same from Estate Funds; approving the form and manner of notice provided to creditors and other parties in interest; approving all prior interim allowances of fees and expenses to RSM in this case; and granting such further relief as the Court deems just.

Dated: June 23, 2016          Richard J. Mason, Trustee of the Chapter 7 Bankruptcy Estate of Jack Wayne Newsom

                              By: /s/ John F. Pollick
                                   John F. Pollick


John F. Pollick (ARDC #3128122)
John F. Pollick, P.C.
2336 Fir Street
Glenview, Illinois  60025
(847) 602-9243
Counsel for Richard J. Mason, Trustee